UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                  Case No: 6:18-cr-258-Orl-41LRH

**ANTHONY DALEY**
                                                                     /

### ORDER

THIS CAUSE is before the Court on Defendant's Motion for Compassionate Release ("Motion," Doc. 142) pursuant to 18 U.S.C. § 3582(c)(1)(A) ("First Step Act"). The United States filed an untimely Response in Opposition ("Response," Doc. 144). For the reasons stated herein, the Motion will be granted and the Response stricken as untimely.

### I.   BACKGROUND

On November 14, 2018, Defendant was charged by Indictment (Doc. 20) with one count of conspiracy to possess with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846 and with three counts of knowingly distributing cocaine in violation 21 U.S.C. § 841.

On March 13, 2019, Defendant entered a guilty plea to conspiracy to possess with the intent to distribute 500 grams or more of cocaine pursuant to a Plea Agreement (Doc. 59). (Min. Entry, Doc. 60, at 1). Prior to sentencing, the United States filed Motion for Downward Departure Based on Substantial Assistance ("Departure Motion," Doc. 111). On November 7, 2019, the Court issued an Endorsed Order (Doc. 131) granting the Departure Motion then imposed a twenty-month term of imprisonment. (Min. Entry, Doc. 130, at 1; Judgment, Doc. 132, at 2).

Defendant is currently incarcerated at Correctional Institution D. Ray James ("CI James") in Folkston, Georgia, he is forty-two years old, and is due to be released on March 22, 2021. *See* Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (last visited September 4, 2020). To date, Defendant has served approximately 54% of his sentence.[1]

## II. LEGAL STANDARD

Upon a motion, a court may reduce a term of imprisonment "after considering the factors set forth in [18 U.S.C. §]3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Originally, such a motion could only be brought by the Director of the BOP, but the First Step Act amended this provision to allow defendants to do so after they have "fully exhausted all administrative [remedies]." *Id.*; First Step Act of 2018, 115 Pub. L. No. 391, § 603(b)(1).

The Application Notes to the United States Sentencing Guidelines Manual give some criteria regarding what may qualify as extraordinary and compelling circumstances:

> (A) Medical Condition of the Defendant.
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—

---

[1] This calculation uses the release date, which presumably includes gain time, as the basis for the calculation.

> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. The defendant
>
> > (i) is at least 65 years old;
> >
> > (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and
> >
> > (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) As determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

18 U.S.C. App'x § 1B1.13 cmt. application notes.

Section D is a catchall provision "delegating to the Director of the BOP the power to determine if additional circumstances are extraordinary and compelling." *United States v. Barsoum*, No. 8:11-CR-548-T-33CPT, 2020 WL 3402341, at *1 (M.D. Fla. June 19, 2020). However, now that the First Step Act allows inmates to file for compassionate release without the BOP's support, courts have held that "those other extraordinary and compelling reasons should be

comparable or analogous to what the Commission has already articulated as criteria for compassionate release." *United States v. Ambrose*, No. 13-00024-KD-N, 2020 U.S. Dist. LEXIS 59066, at *7 (S.D. Ala. Apr. 3, 2020) (quoting *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019)).

If the Court finds that "extraordinary and compelling" circumstances exist, the Court must also "determine whether the defendant poses a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *United States v. Gopie*, No. 19-CR-20550-BB, 2020 WL 3894914, at *3 (S.D. Fla. July 10, 2020) (quoting 18 U.S.C. App'x § 1B1.13). Though Defendant appears to be bringing his Motion pursuant to the catchall "other reasons" provision, a portion of his Motion is based on Defendant's health and the COVID-19 pandemic, so the Court will address those arguments. *See* 18 U.S.C. App'x § 1B1.13, cmt. application notes (noting that factors applicable to the other subsections can be considered in conjunction with a subsection (D) catchall analysis).

### III.   DISCUSSION

#### A.   Administrative Remedies

As an initial matter, it is undisputed that Defendant exhausted his administrative remedies and his motion is properly before the Court. (Doc. 142 at 3; Ex. 1, Doc. 142-1, at 1). The Court will now turn to the merits of Defendant's Motion.

#### B.   Defendant's Health Concerns and the COVID-19 Pandemic

The BOP has procedures in place for addressing the risk presented by COVID-19. *See* Federal Bureau of Prisons COVID-19 Action Plan, https://www.bop.gov/resources/news/20200313_covid-19.jsp (last visited Sept. 4, 2020). CI James houses 624 inmates. *See* BOP CI D. Ray James, https://www.bop.gov/locations/ci/drj/ (last visited Sept. 4, 2020). As of

September 4, 2020, there are seventy-five confirmed COVID-19 cases among inmates and no confirmed cases among staff at CI James. *See* BOP COVID-19 https://www.bop.gov/coronavirus/ (last visited Sept. 4, 2020). While COVID-19 alone is not an extraordinary and compelling reason to grant release, *United States v. Seyfried*, No. 4:13-cr-189, 2020 U.S. Dist. LEXIS 105102, at *16 (S.D. Ga. June 16, 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020))), the high infection rate at CI James is a factor that informs the overall situation.

Defendant asserts that he "suffers from severe asthma and is prescribed Albuterol for it." (Doc. 142 at 10; Doc. 142-2 at 4). As noted above, for a medical condition to qualify as an extraordinary and compelling circumstance justifying release, the illness should be terminal, or the defendant must be "suffering from a serious physical or medical condition, . . . or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." 18 U.S.C. App'x § 1B1.13 cmt. application notes. Asthma is not a terminal illness, and Defendant has submitted no evidence or argument that he is incapable of caring for himself. Further, Defendant admits within the Motion that he is on medication that controls his asthma under normal circumstances. Defendant has not met his burden to show that his medical condition is extraordinary and compelling as to justify a reduction in sentence or compassionate release. *See United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (J. Covington); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (holding that the movant bears the burden to establish that a reduction is warranted under § 3582(c)(2)).

### C. Other Reasons

Defendant posits "other reasons" that he believes rise to the level of extraordinary and compelling sufficient to justify release. As stated above, "those other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release." *Ambrose*, 2020 U.S. Dist. LEXIS 59066 at *7.

#### 1. *Request for Home Confinement*

On June 9, 2020, the facility administrator for CI James sent a letter denying Defendant's request for home confinement. (Doc. 142–1). In the denial, the administrator determined that Defendant's risk for recidivism is low, which would normally be a factor favoring release. (*Id.*). But, Defendant's request was denied because the Bureau of Immigration and Customs Enforcement ("ICE") placed a detainer on Defendant, and at the time of the request, Defendant had not yet completed fifty percent of his sentence. (*Id.*). As noted, Defendant has now completed over fifty percent of his sentence.

#### 2. *Rehabilitation*

Defendant argues that his rehabilitation while in prison is an extraordinary and compelling reason for which the Court should grant his release. Defendant argues that he has participated in numerous educational classes and has maintained a spotless disciplinary record while confined. (Doc. 142 at 11). Again, while "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of [the First Step Act]," 18 U.S.C. App'x § 1B1.13 cmt. application notes (citing 28 U.S.C. § 994(t)); *United States v. Simmons*, No. 8:12-cr-219-T-27AEP, 2020 WL 3001380, at *2 (M.D. Fla. June 4, 2020) ("[W]hile rehabilitation efforts are admirable, rehabilitation alone is insufficient to warrant release."), it is a factor that can be considered as a part of the overall circumstances.

    *3.*  *COVID-19*

As previously stated, CI James houses 624 inmates, seventy-five of which are confirmed to have contracted COVID-19. Thus, approximately 12% of the inmate population at CI James is currently diagnosed with COVID-19. While COVID-19 alone is not is an extraordinary and compelling reason to grant release, the high rate of COVID-19 cases at CI James combined with Defendant's severe asthma diagnosis merits serious consideration.

    *4.*  *Reentry Plan*

Defendant asserts that he will return to live with his supportive family who have secured employment for him once released from confinement. Defendant believes that this reentry plan is an extraordinary and compelling factor that justifies his early release. However, family support alone is not extraordinary and compelling nor is it "comparable or analogous to what the Commission has already articulated as criteria for compassionate release." *Ambrose*, 2020 U.S. Dist. LEXIS 59066 at *7.

  **D.**  **18 U.S.C. § 3553 Factors**

Even if extraordinary and compelling reasons exist that merit compassionate release, the Court must still consider the factors in 18 U.S.C. § 3553(a), if applicable, and determine if they support a reduction in sentence. *United States v. Sandler*, No. 3:18-CR-342-WKW, 2020 WL 3621313, at *2 (M.D. Ala. July 2, 2020). The Defendant bears the burden to show that circumstances warrant a reduction of sentence. *Hamilton*, 715 F.3d at 337. "The applicable § 3553(a) factors include, among others: '(1) the nature and circumstances of the offense and the history and characteristics of the defendant,' as well as '(2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant.'" *Gopie*, 2020 WL 3894914, at *4.

Defendant was a minor actor in a conspiracy to distribute cocaine. The Court previously computed Defendant's criminal history as the lowest category. (Doc. 133 at 1). Further, Defendant entered a guilty plea pursuant the Plea Agreement and cooperated with the United States as reflected by the Departure Motion. Defendant also argues that his risk for recidivism is low when considering his advanced age of forty-two. The administrator from CI James that evaluated Defendant appears to agree with this conclusion because he determined that Defendant's risk for recidivism is low. To the extent the § 3553(a) factors are applicable here, they either weigh in Defendant's favor or are neutral.

### E. Danger to the Community Under 18 U.S.C. § 3142(g)

Defendant argues that he is not a danger to the community because he has been a model inmate and has had the opportunity to reflect on the seriousness of his misconduct. This conclusion is supported by Defendant's minimal criminal history and the non-violent nature of the criminal conduct for which he was convicted. Thus, this factor does not prevent Defendant's release.

### IV. CONCLUSION

After careful deliberation, the Court finds that a combination of the factors cited by Defendant rise to the level of extraordinary and compelling. As the Court noted, no one single factor was sufficient to meet Defendant's burden, but when all of those circumstances are viewed together, they justify Defendant's release. Namely, the BOP determined that Defendant would be a good candidate for home confinement but for his ICE detainer; Defendant has exhibited efforts toward rehabilitation and has been a model inmate; Defendant suffers from severe asthma and has a high risk of exposure to COVID-19 at CI James; Defendant has a supportive reentry plan; and

none of the applicable § 3553(a) or § 3142(g) factors weigh against Defendant. When taken as a whole, these factors favor granting relief.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion for Compassionate Release (Doc. 142) is **GRANTED**.
   a. Defendant's sentence is **REDUCED** to **TIME SERVED**.
   b. All other terms of Defendant's sentence imposed by the Court, including a three year term of supervised release, shall remain in effect.
2. The United States' Response (Doc. 144) is hereby **STRICKEN** as untimely.

**DONE** and **ORDERED** in Orlando, Florida on September 4, 2020.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party